IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DANIEL D. PAREDES
and other similarly situated individuals,

    Plaintiff,

vs.                                              Case No.:

PINNACLE A ROOFING COMPANY and
ROBERT THOMAS,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DANIEL D. PAREDES ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, PINNACLE A ROOFING COMPANY and ROBERT THOMAS ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, PINNACLE A ROOFING COMPANY, is a Florida Profit Corporation, conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff performed work for Defendant from on or about March 1, 2017 to on or about January 30, 2018 as a roof mechanic.

8. Plaintiff was paid at a regular rate of $17 per hour and was not paid overtime for time worked over 40 hours each week.

9. Plaintiff had to sign in and out on a handwritten time sheet. Even though he would work overtime, he was forced to write in "7:00 am" in the mornings and "4:00 pm" in the afternoons, with an hour lunch, which reflected only 8 hours per day, Monday through Friday.

10. However, Plaintiff would come to work half an hour early, and would not get compensated for that time despite going straight to work.

11. In the evenings, Plaintiff had to drive back to the office from the construction sites he was assigned to, but was not allowed to write on his timesheet that he was signing out after 4pm.

12. From on or about April 19, 2017 to on or about September 30, 2017, Plaintiff traveled approximately 2.5 hours every week, which were not compensated.

13. From on or about October 1, 2017 to on or about January 30, 2018, Plaintiff was given a new worksite and was traveling 5 unpaid hours every week.

14. Throughout employment, Plaintiff complained about not being compensated for his early arrival and work, as well as his driving/travel time from work sites. Plaintiff was rebuffed constantly whenever he would approach management about being compensated properly.

15. Plaintiff began to see that his work assignments were either being shortened or cancelled. Plaintiff would be left off of certain shifts or assignments while a large majority of other workers would be assigned to work, and he was often told "you're not working, go home" by supervisors.

16. On or about January 30, 2018, Plaintiff went into work and saw that he was listed on the white board as not working. He contacted the head foreman and was told to drive to the office.

17. Plaintiff was then terminated on or about January 30, 2018 in retaliation for his complaints about not being paid properly.

## COUNT I
### *FLSA Violation against PINNACLE A ROOFING COMPANY*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

20. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so

with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

    c. Award Plaintiff an equal amount in double damages/liquidated damages; and

    d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FLSA Retaliation against PINNACLE A ROOFING COMPANY*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

26. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

27. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

28. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices.

29. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

 a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 b. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

 c. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

 d. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

e. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 4/30/18

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005